CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 15 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TWIN COUNTY REGIONAL HEALTHCARE, INC., | |
| | Civil Action No. 7:10-cv-00264 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CHARTIS CLAIMS, INC., | |
| and | |
| CHARTIS SPECIALTY INSURANCE COMPANY, | |
| | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

This is a diversity action brought by plaintiff Twin County Regional Healthcare, Inc. ("Twin County"), against defendants Chartis Claims, Inc. ("Chartis"), and Chartis Specialty Insurance Company[1] ("CSIC") seeking a declaration of coverage under the Pollution Legal Liability Select Policy No. PLS 1327626 ("CISC Policy") issued by CSIC for a release of heating oil from underground storage tanks at a hospital owned by Twin County that was allegedly discovered and reported to CSIC during the CSIC Policy period. Chartis has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no evidence that the release of oil commenced during the Policy Period. For the reasons stated below, the court grants summary judgment in favor of Chartis and CSIC.

The Insuring Agreement for the CSIC Policy provides coverage, in pertinent part, for Pollution Conditions that "commenced" on or after January 19, 2004, and that are on or emanate

---

[1] At the hearing for this matter, Twin County moved to join Chartis Specialty Insurance Company as defendant, and the court granted that motion. CISC subsequently consented to this summary judgment proceeding.

from the Twin County Regional Hospital. Under the applicable law, Twin County bears the burden of proving that the heating oil release commenced on or after January 19, 2004. SNL Fin. LC v. Phila. Indem. Ins. Co., 2009 U.S. Dist. LEXIS 93319, at *9 (W.D. Va. Sept. 30, 2009). "The word 'commence' is generally defined as 'to initiate' or 'to have a beginning.'" Pritchard v. Federated Mut. Ins. Co., 1995 WL 854775, at *7 (W.D. Tenn. Oct. 2, 1995) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 456 (1986)); see also Atrim Mining, Inc. v. Pa. Ins. Guar. Ass'n, 648 A.2d 532, 537-38 (Pa. Super. Ct. 1994).

CSIC's expert has opined that the release commenced before January 1, 2004, based upon the two prior releases, the results of a dye trace study conducted at the hospital, and the substantial amount of product present over 1000 feet from the hospital property. Twin County's expert has not been able to opine that the contamination commenced after January 1, 2004. Because Twin County has the burden of proving that the Pollution Condition Commenced on or after January 19, 2004, and Twin County cannot meet that burden of proof, the court grants summary judgment in favor of the defendants, Chartis and CSIC.

**ENTER:** This 15th day of December, 2010.

UNITED STATES DISTRICT JUDGE